IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STRONG PHARMACEUTICAL                 *
LABORATORIES, LLC,
                                      *
          Plaintiff,
                                      *
v.                                              Civil Action No.: RDB 05-3427
                                      *
TRADEMARK COSMETICS, INC.
                                      *
          Defendant.
                                      *

*      *      *      *      *      *      *      *      *      *      *      *      *

## MEMORANDUM OPINION

Plaintiff Strong Pharmaceutical Laboratories, LLC ("Strong" or "Plaintiff") initiated this

contract action against Defendant Trademark Cosmetics, Inc. ("Trademark" or "Defendant"),

seeking to hold Trademark liable for breach of contract, sale of defective products, breach of

warranty, fraud, and accounting inaccuracies.  This Court has jurisdiction over the matter

pursuant to 28 U.S.C. §§ 1332 and 1441.  Pending before this Court is Defendant's Motion for

Summary Judgment.  (Paper No. 42.)  The parties' submissions have been reviewed and no

hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons that follow,

Defendant's Motion for Summary Judgment is DENIED.

## BACKGROUND

This Court reviews the facts of this case in the light most favorable to the party opposing

the motion.[1]  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[1]      This Court has previously summarized the facts of this case in its Memorandum
Opinion of July 17, 2006, in which the Defendant's Motion to Dismiss for Lack of Personal
Jurisdiction and its Motion to Transfer this Action were both denied.

In 1998, Strong entered into an agreement with Trademark, whereby, Trademark "would manufacture various cosmetic and hair care products to Strong's specifications and sell such products to Strong." (Pl.'s Opp'n Mot. Dismiss 2.)  Trademark produced a number of cosmetics products for Strong under various names.  (Miller Aff. ¶ 6.)  These products contain the active ingredient Trichogen.  (*Id*. ¶ 8.)  Strong advised Trademark "to use certain percentages of certain ingredients in each of these products to ensure that the resulting products would be stable, have certain thickness and a certain viscosity and ultimately ensure that the hair care products will create a certain 'look, smell, and feel.'"  (*Id*. ¶ 7.)  Strong usually directed Trademark to produce cosmetics containing ten percent Trichogen,   (*Id*. ¶ 9.)  However, Strong contends that even when the mixture was changed, Trademark was instructed to never use less than five percent Tichogen in any Strong product.  (*Id*. ¶ 10.)

Trademark disputes Strong's assertion that it was instructed to never use less than five percent Trichogen in any mixture it produced for Strong.  (Def.'s Surreply 2.)  On April 22, 2003 and June 26, 2003, Trademark faxed Strong invoices confirming orders for products containing less than five percent Trichogen.  (*Id*. at 2, Exs. 1 & 2.)

On November 2, 2005, Plaintiff filed a five-count Complaint in the Circuit Court for Baltimore County, Maryland, asserting that Trademark failed to use the proper amount of Trichogen in products it manufactured for Strong despite representing that it was doing so. (Compl. ¶¶ 14-15.)  Count I of Plaintiff's Complaint alleges that Trademark breached contracts made with Strong "by failing to provide the [p]roducts in a good and defect free condition and by using improper materials."  (*Id*. ¶ 22.)  Count II alleges that Trademark sold Strong defective products.  (*Id*. ¶27.)  Count III alleges that Trademark breached express and implied warranties it

made to Strong.  (*Id.* ¶¶ 30-33.)  Count IV alleges that Trademark made fraudulent

representations about the quantity of Trichogen in the cosmetics it manufactured for Strong.  (*Id.*

¶¶ 36-43.)  Finally, Count V alleges that Trademark "knowingly and/or intentionally"

improperly billed Strong for its services.  (*Id.* ¶¶ 48-49.)  On December 23, 2005, Defendant

removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.  (Paper No. 4.)  On

February 8, 2006, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction and a

Motion to Transfer Case.  (Papers No. 14 & 15.)  On July 17, 2006, this Court denied both

motions.  (Paper No. 22.)  On October 24, 2006, Trademark filed a Counterclaim against Strong.

(Paper No. 26.)  On November 3, 2006, Trademark Cosmetics filed a Third Party Complaint

(Paper No. 29) against Robert C. Miller, the Managing Member of Strong Pharmaceutical

Laboratories, LLC (Miller Aff. ¶¶ 2, 6-10).  On February 26, 2007, Defendant filed the subject

Motion for Summary Judgment.  (Paper No. 42.)

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall

be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no *genuine* issue as to any *material*

fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c)

(emphasis added).  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court

explained that only "facts that might affect the outcome of the suit under the governing law" are

*material*.  *Id.* at 248.  Moreover, a dispute over a material fact is *genuine* "if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The court further

explained that, in considering a motion for summary judgment, a judge's function is limited to

determining whether sufficient evidence supporting a claimed factual dispute exists to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249.  In that context, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A genuine issue of material fact may exist if the evidence presented to the court is sufficient to indicate the existence of a factual dispute that could be resolved in favor of the non-moving party at trial. *Rachael-Smith v. FTDATA, Inc.,* 247 F. Supp. 2d 734, 742 (D. Md. 2003) (citing *Anderson*, 477 U.S. at 248-49).  Moreover, any inferences drawn from disputed evidence must be accorded to the non-moving party.  *See Matsushita,* 475 U.S. at 587-88; *E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).

## DISCUSSION

As noted above, Strong Pharmaceutical Laboratories, LLC's ("Strong") five-count Complaint essentially asserts that Trademark Cosmetics, Inc. ("Trademark") failed to use the proper amount of Trichogen in products it manufactured for Strong.  Trademark's sole basis for summary judgment is that Strong has not designated an expert and cannot prove its case without one. (Def.'s Mem. Supp. Summ. J. 1-2.)  Defendant claims that the case at bar is "beyond the ken of the average layman," and, therefore, Plaintiff is required to prove its case-in-chief with expert testimony.  (*Id.* at 4.)  Defendant contends that "an expert will be required to explain to the trier of fact what the active ingredient is; how [P]laintiff determined that an insufficient amount of active ingredient was contained in the product supplied by Trademark; and how [P]laintiff incurred damages as a result of such alleged breaches."  (*Id.* at 1-2.)  Under the Federal Rules of Civil Procedure, all expert testimony must be disclosed to an opposing party "at

least 90 days before the trial date." FED. R. CIV. P. 26(a)(2)(c).  Defendant asserts that since this deadline has passed, and Plaintiff has not named an expert, it is entitled to summary judgment as a matter of law.

Plaintiff responds that expert testimony is not needed to prove its case-in-chief and asserts that "the mere failure of Strong to provide expert testimony is not determinative of [its] ability to prove its case since Strong is fully able to prove the necessary elements contained in the causes of action listed in the Complaint even in the absence of expert testimony."  (Pl.'s Opp'n Summ. J. ¶ 7.)  Strong has also attached its formulae for production of its products and those Trademark used to manufacture the products.  (Pl.'s Surreply, Exs. A & B.)  Plaintiff contends that "[t]hese respective formulas demonstrate a genuine issue of material fact as to whether Trademark was properly producing hair care products for Strong."  (*Id.* ¶ 10.)  In response, Trademark's Surreply notes that "[n]umerous documents of Mr. Miller/Strong Pharmaceutical Laboratories LLC confirm that there were orders for products containing less than 10% of the Trichogen 'active ingredient'."[2]  (Def.'s Surreply 2.)

Trademark notes in its submission to this Court that the Maryland rules of evidence follow the common law rule that "[e]xpert testimony is required when the subject of the inference is so particularly related to some science or profession that it is beyond the ken of the average layman."  *Wood v. Toyota Motor Corp.*, 760 A.2d 315, 319 (Md. Ct. Spec. App. 2000) (citations omitted).  However, this Court applies *federal* procedural rules to this action, as its

---

[2]      This Court notes that Trademark's surreply curiously seems to point out an additional genuine issue of material fact - the exact mixture of ingredients specified in the contracts between Strong and Trademark.

jurisdiction over this case is based upon 28 U.S.C. § 1332.[3]  *See, e.g., Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  The U.S. Supreme Court and several other jurisdictions have held that  "expert testimony . . . is unnecessary . . . 'if all the primary facts can be accurately and intelligibly described to the jury, and if they . . . are as capable of comprehending the primary facts and of drawing correct conclusions from them [as experts]."  *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962); *see Robertson v. McCloskey*, 680 F.Supp. 408, 411 (D. D.C. 1988) (excluding expert testimony that "concerned matters squarely within the comprehension of the average juror"), *World Boxing Council v. Cosell*, 715 F.Supp. 1259, 1264 (S.D. N.Y. 1989) (excluding expert testimony that "would discourage the fact finder from using his own judgment on an issue for which a fact finder is amply suited to make his own judgment."); *cf. Zenith Radio Corp. v. Matsushita*, 505 F.Supp. 1313, 1333 (D. Pa. 1980), *rev'd on other grounds*, 475 U.S. 574 ("opinions do not assist the jury when they are cumulative of evidence already before the court").[4]

In this case, Strong has provided the ingredient lists it certified for the manufacture of its products and those used by Trademark.  Strong's claims for breach of warranty, breach of contract, selling defective products, and fraud are based on the differences between these lists. A reasonable jury can review the evidence and come to a conclusion without expert testimony. An explication of the properties of each of these ingredients and how they came to be in Strong's

---

[3]     Even under the Maryland rule, there is no evidence in this case to indicate that the issues in question are "beyond the ken of the average layman."

[4]     While the Fourth Circuit Court of Appeals has not expressly adopted this position, it has quoted *Salem* in an unpublished opinions on the issue.  *See Bellsouth Telesensor v. Information Sys. & Networks Corp.*, 1995 WL 520978, at *7 (4 Cir. 1995) (unpublished).

cosmetics is not necessary to resolve the dispute before this Court.  These ingredient lists

coupled with the testimony of Strong's corporate officers are sufficient to forecast a genuine

issue of material fact without the assistance of expert testimony.

## **CONCLUSION**

For the reasons articulated above, Defendant's Motion for Summary Judgment is

DENIED.  A separate Order follows.


Dated: June 26, 2007                          /s/_____
                                              Richard D. Bennett
                                              United States District Judge